IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2008

Charles R. Fulbruge III
Clerk

No. 08-50134

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JESUS MANUEL GUEDEA-MARTINEZ

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-751-2

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Jesus Manuel Guedea-Martinez ("Guedea-Martinez") was charged along with three co-defendants on four drug trafficking counts involving five or more kilograms of cocaine. The government proceeded on the theory that Guedea-Martinez arranged to import 11.2 kilograms of cocaine into the United States and hired one individual, Aguirre-Espinoza, to cross the border into the United States with the drugs and another individual, Rodriguez-Guerrero, to assist Guedea-Martinez in transporting the drugs on to San Antonio.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The only significant issue presented in the appeal is whether the government presented sufficient evidence to support Guedea-Martinez's conviction on all four counts. More particularly, the primary issue Guedea-Martinez contested was whether he had knowledge that the drugs were being transported and whether he assisted in that endeavor.

The government's primary proof consisted of the testimony of one of Guedea-Martinez's co-conspirators, Rodriguez-Guerrero, who testified that he and Guedea-Martinez, along with another co-conspirator assisting in the enterprise, met the night before the drugs were crossed into the United States to plan the operation and set up the time and place for meeting after the drugs arrived in the United States. Even if this had been the only evidence presented, "[e]vidence consisting entirely of testimony from accomplices or conspirators is sufficient" to support a conviction. United States v. Mendoza, 522 F.3d 482, 489 (5th Cir. 2008).

In addition to Rodriguez-Guerrero's testimony, the government provided substantial corroborating evidence from government agents who observed Guedea-Martinez interacting with Rodriguez-Guerrero while the agents had the co-conspirators under surveillance following Aguirre-Espinoza's delivery of the drugs to Rodriguez-Guerrero. Guedea-Martinez himself admitted to immigration officials that he owned all the cars involved in the day's events, that he had been in control of the truck carrying the drugs since purchasing it, and that he employed his co-defendants to regularly drive cars back and forth across the border. Appellant's primary argument challenges the testimony of Rodriguez-Guerrero as being inconsistent in a number of respects. But these arguments all relate to the credibility of Rodriguez-Guerrero as a witness and this determination is in the province of the jury. Id.

Guedea-Martinez also argues that the chain of custody for the drugs taken from his truck was not sufficiently well established because the parties involved

in confiscating and testing the drugs could not identify each other individually. This claim was not raised in the renewed motion for judgment of acquittal and is thus reviewed only for a "manifest miscarriage of justice." United States v. Rodriguez, 43 F.3d 117, 126 (5th Cir. 1995). In the absence of any evidence of unusual departures from standard practice, Guedea-Martinez cannot meet this standard.

After a careful review of the record we are satisfied that the evidence was sufficient to support the conviction, which we affirm.

AFFIRMED.